UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LISA WILLIAMS ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>ADVANCED HCS, LLC, BAY OAKS SNF LLC, ELIEZER SCHEINER AND JANET HOPKINS, INDIVIDUALLY,<br><br>DEFENDANTS | § § § § § § § § § § § § § § § | CA NO. 3:17-cv-141 |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Lisa Williams ("Plaintiff") on behalf of herself and all others similarly situated files this Original Collective Action Complaint against Advanced HCS, LLC, Bay Oaks SNF, LLC, Eliezer Scheiner and Janet Hopkins Individually (collectively, "Defendants") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1 This is a collective action for failure to pay overtime compensation brought pursuant to the Fair Labor Standards Act ("FLSA") and for damages under a common law claim for *quantum meruit*.

1.2 Defendants own and operate a number of nursing homes in Texas. Plaintiff worked at one of these nursing homes, Bay Oaks Health Care Center, also known as The Lakes at Texas City, located in Texas City, Texas. Plaintiff was one of Defendants' hourly, non-exempt Licensed Vocational Nurses ("LVNs"). Through their timekeeping system, Defendants would automatically

dock thirty to sixty minutes of time per day from Plaintiff's time, ostensibly for lunch, even though Plaintiff consistently worked through lunch. This illegal policy was not limited to just Plaintiff; it was applied to all of Defendants' LVNs as well as to Defendants' Certified Nursing Assistants ("CNAs").

1.3    Plaintiff, on behalf of herself and all other similarly situated non-exempt LVNs and CNAs who were subjected to Defendants' illegal docking policy, brings this collective action to recover unpaid hourly wages, unpaid overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.4    For at least three years prior to the filing of this Collective Action Complaint, Defendants willfully committed widespread violations of the FLSA by their indiscriminate policy of docking employee time for lunch regardless of whether a lunch was taken.

1.5    This collective action consists of current and former hourly, non-exempt LVNs and CNAs who worked for Defendants or their subsidiaries in the three years preceding the filing of this suit whose time was illegally docked for lunches they did not take. To the extent Plaintiff, other LVNs and CNAs worked more than forty hours in a week, they are owed time and one-half their regular hourly rate for all time they were forced to work off-the-clock. To the extent they did not work forty hours in every week, under a *quantum meruit* cause of action, they are entitled to be paid their regular hourly wage for such off the clock work.

## II.    JURISDICTION AND VENUE

2.1    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further

conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants Advanced HCS, LLC and Bay Oaks SNF, LLC because these entities conduct business in Texas and have entered into relationships with Plaintiff and those similarly situated in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Lisa Williams is an individual residing in Galveston County, Texas.  Her notice of consent is attached hereto as Exhibit A.

**B.     Defendants**

3.2     Defendant Bay Oaks SNF, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in New York.

3.3     Defendant Bay Oaks SNF, LLC was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.4     Defendant Bay Oaks SNF, LLC can be served with process by serving its registered agent for service of process, Interstate Agent Services, LLC, at 11700 Preston Road, Suite 660-238, Dallas Texas 75230.

3.5     Defendant Advanced HCS, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in New York.

3.6     Defendant Advanced HCS, LLC was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.7     Defendant Advanced HCS, LLC can be served with process by serving its registered agent for service of process, Interstate Agent Services, LLC, at 12830 Hillcrest Road, Suite 111, Dallas Texas 75230.

3.8     Defendant Eliezer Scheiner is an individual who resides in New York.

3.9     At all times relevant to this claim, Defendant Eliezer Scheiner acted directly or indirectly in the interest of Defendants Bay Oaks SNF, LLC and Advanced HCS, LLC in relation to Plaintiff's employment.

3.10    Defendant Eliezer Scheiner was substantially in control of the terms and conditions of Plaintiff's work.

3.11    Defendant Eliezer Scheiner was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.12    Defendant Eliezer Scheiner may be served with process through Interstate Agent Services, LLC, at 11700 Preston Road, Suite 660-238, Dallas Texas 75230.

3.13    Defendant Janet Hopkins is an individual who resides in Galveston County, Texas.

3.14    At all times relevant to this claim, Defendant Janet Hopkins acted directly or indirectly in the interest of Defendants Bay Oaks SNF, LLC and Advanced HCS, LLC in relation to Plaintiff's employment.

3.15    Defendant Janet Hopkins was substantially in control of the terms and conditions of Plaintiff's work.

3.16    Defendant Janet Hopkins was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.17    Defendant Janet Hopkins may be served with process through Interstate Agent Services,

LLC, at 11700 Preston Road, Suite 660-238, Dallas Texas 75230.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of Plaintiff's Original Collective Action Complaint, and continuing thereafter.

4.2     At all relevant times, Defendant Bay Oaks SNF, LLC and Defendant Advanced HCS, LLC each had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Plaintiff and each of the collective class Plaintiffs, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendants Bay Oaks SNF, LLC and Advanced HCS, LLC each have been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants operate nursing homes throughout the State of Texas.  Plaintiff and those similarly situated worked for Defendants as LVNs and CNAs.

5.2     Defendants employed Plaintiff and those similarly situated during the three-year period preceding the filing of this Complaint.

5.3     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendants.

5.5     Plaintiff and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.6     Eliezer Scheiner and Janet Hopkins independently exercised control over the work performed by Plaintiff and those similarly situated.

5.7     Eliezer Scheiner and Janet Hopkins are responsible for running the day-to-day operations of Advanced HCS, LLC and Bay Oaks SNF, LLC, respectively.

5.8     Eliezer Scheiner and Janet Hopkins, acting directly in the interest of Advanced HCS, LLC and Bay Oaks SNF, LLC, respectively, determined the wages to be paid to Plaintiff and those similarly situated.

5.9     Eliezer Scheiner and Janet Hopkins, acting directly in the interest of Advanced HCS, LLC and Bay Oaks SNF, LLC, respectively, determined the work to be performed by Plaintiff and those similarly situated and monitored and directed their work on a regular basis.

5.10    Eliezer Scheiner and Janet Hopkins, acting directly in the interest of Advanced HCS, LLC and Bay Oaks SNF, LLC, respectively, determined the locations where Plaintiff and those similarly situated would work.

5.11    Eliezer Scheiner and Janet Hopkins, acting directly in the interest of Advanced HCS, LLC and Bay Oaks SNF, LLC, respectively, determined the hours of Plaintiff and those similarly

situated.

5.12    Eliezer Scheiner and Janet Hopkins, acting directly in the interest of Advanced HCS, LLC and Bay Oaks SNF, LLC, respectively, determined the conditions of employment of Plaintiff and those similarly situated.

5.13    Eliezer Scheiner and Janet Hopkins, acting directly in the interest of Advanced HCS, LLC and Bay Oaks SNF, LLC, respectively, maintained employment records on Plaintiff and those similarly situated.

5.14    Eliezer Scheiner and Janet Hopkins, acting directly in the interest of Advanced HCS, LLC and Bay Oaks SNF, LLC, respectively, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff and those similarly situated.

5.15    As a part of their operations, Defendants have employed and continue to employ individuals whose job title is that of LVN or CNA or other job title performing substantially similar job duties as Plaintiff.

5.16    Though their job titles may vary, all of these individuals were subjected to Defendants' policy of docking their pay for lunches they did not take.

5.17    Plaintiff and those similarly situated normally worked in excess of forty hours per week.

5.18    Although Plaintiff and those similarly situated worked more than forty hours per week, they were not paid their required overtime premiums for any hours worked over forty per week, as Defendants would illegally dock Plaintiff and those similarly situated for lunches they did not take.

5.19    To the extent Plaintiffs and those similarly situated would not have exceeded forty hours in a given week even after the unlawfully docked time is added back to their timesheets, Plaintiff and those similarly situated are still owed their regular hourly wages for such time.

5.20    Defendant Advanced HCS, LLC knew that Plaintiff and those similarly situated were working off-the-clock without compensation.

5.21    Defendant Bay Oaks SNF, LLC knew that Plaintiff and those similarly situated were working off-the-clock without compensation.

5.22    Defendant Eliezer Scheiner knew that Plaintiff and those similarly situated were working off-the-clock without compensation.

5.23    Defendant Janet Hopkins knew that Plaintiff and those similarly situated were working off-the-clock without compensation.

## VI.    COLLECTIVE ACTION ALLEGATIONS

6.1    Other employees have been victimized by the above described pattern, practice, and policy of Defendants that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on Defendants' LVNs and CNAs.

6.2    Plaintiff brings this lawsuit on behalf of herself and all other hourly, non-exempt employees who worked for Defendants as LVNs or CNAs at any time three years prior to the filing of Plaintiff's Original Collective Action Complaint, to the entry of judgment in this lawsuit ("Collective Class").

6.3    Defendants deprived Plaintiff and the Collective Class of hours worked through their unlawful policy of docking pay for phantom lunches.

6.4    Though their job titles may vary, members of the Collective Class were all hourly, non-exempt employees subjected to Defendants' illegal scheme to deprive them of hours worked.

6.5    Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6    Defendants' operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.7     Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.   Defendants' pattern of failing to pay regular hourly wages also results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff brings these claims on her behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.10    Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, email addresses and mobile telephone numbers.

6.11    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13	Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.	JOINT EMPLOYER DOCTRINE

7.1	Defendants Advanced HCS, LLC and Bay Oaks SNF, LLC, two companies with interlocking directorates, acted as joint employers of Plaintiff and those similarly situated by sharing the ability to directly and immediately control or co-determine essential terms and conditions of employment such as hiring, firing, discipline, supervision and direction.

## VIII.	CAUSES OF ACTION

### Failure to Pay Overtime

8.1	Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

8.2	Plaintiff and all others similarly situated are hourly, non-exempt employees.

8.3	Plaintiff and all others similarly situated are entitled to overtime premiums for all hours in excess of forty worked during each seven-day workweek.

8.4	Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and all other similarly situated employees overtime compensation for all hours worked over forty per week.

8.5	During the employment of Plaintiff and all others similarly situated, they routinely worked in excess of forty hours per week.

8.6	Even though Plaintiff and all others similarly situated worked well in excess forty hours per week, Defendants have failed to pay Plaintiff and all others similarly situated for such hours.

8.7	In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and other similarly situated employees.

8.8     As non-exempt employees, Plaintiff and those similarly situated were entitled to be paid overtime premiums for all hours worked in excess of forty in a workweek.

8.9     Accordingly, Defendants' practice of failing to pay overtime premiums is a clear violation of the FLSA.

8.10    No exemption or justification excuses the Defendants from paying Plaintiff and those similarly situated overtime premiums for hours worked over forty per week.

8.11    Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

8.12    Plaintiff and all others similarly situated seek all unpaid overtime compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### *Quantum Meruit*

8.13    To the extent Plaintiff and those similarly situated worked off the clock in weeks where the total number of hours worked was less than forty, Defendants owe Plaintiff and those similarly situated their regular hourly wage for such hours. To be clear, Plaintiff and those similarly situated are not seeking minimum wage for these hours, nor are they seeking overtime pay for such hours. Instead, Plaintiff and those similarly situated seek their regular hourly rate under *quantum meruit* for services they provided directly to Defendants. Defendants accepted these services under such

circumstances that Defendants were reasonably notified that Plaintiff and those similarly situated expected to be paid by Defendants.[1]

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lisa Williams and all those similarly situated to her who have or will opt into this action, respectfully pray that this Honorable Court follow the certification procedures previously established pursuant to § 216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto Plaintiff and all others similarly situated recover the following, jointly and severally, from Defendants:

    a.    unpaid overtime wages for all hours worked in excess of forty hours in a workweek;

    b.    liquidated damages in an amount equal to their unpaid overtime wages as allowed by the FLSA;

    c.    Damages for all off the clock time worked under forty hours per week pursuant to *quantum meruit*;

    d.    reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

    e.    pre-judgment and post-judgment interest at the highest rates allowed by law; and

    f.    such other and further relief, at law or in equity, as this Honorable Court deems necessary.

---

[1] Federal courts in Texas have specifically recognized that Plaintiffs can maintain common law claims to the extent that the FLSA does not address damages for non-overtime work. *Rodriguez v. Mech. Tech. Servs., Inc.*, No. A-12-CV-710 LY, 2014 WL 6603952, at *4 (W.D. Tex. Nov. 20, 2014); *Karna v. BP Corp. N. Am.*, 11 F. Supp. 3d 809, 819 (S.D. Tex. 2014), *aff'd,* 609 F. App'x 814 (5th Cir. 2015) (recognizing common law *quantum meruit* claim against employer in addition to FLSA claim). Notably, these same courts have held that such claims are not preempted by the FLSA. *Rodriguez v. Mech. Tech. Servs., Inc.*, No. A-12-CV-710 LY, 2014 WL 6603952, at *4 (W.D. Tex. Nov. 20, 2014); *Karna v. BP Corp. N. Am.*, 11 F. Supp. 3d 809, 817 (S.D. Tex. 2014), *aff'd,* 609 F. App'x 814 (5th Cir. 2015).

Respectfully submitted,

 /s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF